KERTSON *v.* LIBERTY PARK AMUSEMENT CO.

1. APPEAL AND ERROR—RIGHT OF STOCKHOLDER IN CORPORATION TO APPEAL FROM FORECLOSURE DECREE.

On appeal from the decree in a suit to foreclose a mortgage on land owned by a corporation, that full equity may be done the court assumes that the owner of nearly all of the stock of the corporation has sufficient interest to support his appeal, as against the objection that he is not to be heard because his only interest is that of a stockholder in the corporation, which has not appealed.

2. MORTGAGES—FORECLOSURE—RIGHT TO SET OFF DAMAGES NOT ESTABLISHED.

In a suit to foreclose a mortgage, mortgagor's claim of right to set off against the mortgage damages alleged to have been occasioned by mortgagee's failure and neglect respecting collateral security, *held*, not supported by the evidence, which shows neither malfeasance nor misfeasance in this regard.

3. SAME—COMPUTATION WORKING OUT EQUITIES OF PARTIES APPROVED.

In a suit to foreclose a mortgage on land which had been platted into many lots, some of which had been sold on land contract, the computation employed to work out the equities of the different parties as embodied in the decree is approved, on appeal.

Appeal from Calhoun; North (Walter H.), J. Submitted June 7, 1928. (Docket No. 39, Calendar No. 33,479.) Decided October 1, 1928.

Bill by Louis A. Kertson against the Liberty Park Amusement Company, Louis Weimer, Herman S. Becker, and others to foreclose a mortgage. From a decree for plaintiff, defendant Becker appeals. Affirmed.

*Burritt Hamilton,* for plaintiff.

*James Cleary,* for defendants Weimer.

*N. A. Cobb,* for appellant.

Clark, J.    Plaintiff filed this bill to foreclose a mortgage given him by Liberty Park Amusement Company, a corporation, in the principal sum of $50,000.   The mortgage covers an amusement park, platted into many lots, located on Goguac lake, Calhoun county.   The mortgagor conveyed the property, subject to the mortgage, to Amusement Construction Company, a corporation, nearly all the capital stock of which is owned by Herman S. Becker, defendant and sole appellant.   The last-named corporation sold on land contracts to different persons various portions of the mortgaged premises, among them defendants Berles, Coe, and Weimer, and certain of the land contracts were assigned by the corporation to plaintiff as further and collateral security.   The decree for foreclosure marshals the assets, including the collateral, and works out the equities to the satisfaction of all except appellant Becker. It is urged that he is not to be heard because he has no interest in the subject-matter, except that of stockholder in a corporation which has not appealed. His counsel insists that he is interested as an assignee of a contract purchaser, of which we do not find satisfactory evidence in the record, but, that full equity may be done, we assume that he has some interest sufficient to support his right of appeal, and speak of two of the questions presented.

It is contended that the Amusement Construction Company, and appellant as well, are entitled to set off, against the mortgage, damages occasioned by plaintiff's failure and neglect respecting collateral security.   The trial court stated in an opinion dic-

tated into the record that there was no evidence of any "malfeasance or misfeasance" of plaintiff in this regard. We agree with him.

The greater portion of the brief is devoted to computations of the amount due on the mortgage, especially applications of payments and charges of interest. It will profit no one to set up the computation or to work out here problems in arithmetic. We have no criticism of the computation made and approved by the trial court.

We have considered appellant's remaining complaints against the decree.

Decree affirmed. Costs to plaintiff.

FEAD, C. J., and FELLOWS, WIEST, McDONALD, POTTER, and SHARPE, JJ., concurred. NORTH, J., did not sit.